# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**<br>Plaintiff | * CIVIL ACTION NO.<br>*<br>*<br>* |
| **VERSUS** | *<br>* |
| **CASTMAT TRANSPORT, LLC,**<br>**MARTHA A. MATUTE MARTINEZ,**<br>**JUAN ENRIQUE MESA DIAZ and**<br>**FELIX JAVIER CASTRO FIGUEROA,**<br>Defendants | *<br>*<br>*<br>* **JURY TRIAL REQUESTED**<br>*<br>* |
| * * * * * * * * * * * * * * * * * * * * * * * | * |

## COMPLAINT FOR DAMAGES

**NOW COMES** TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS"), a corporation and insurer domiciled in, and a citizen of the State of Connecticut, and having its principal place of business in Hartford, Connecticut, and in its capacity as the uninsured/underinsured motorist insurer of Alexandra Riley Rand ("MS. RAND") brings the present Complaint for Damages based on the following:

1.

Made defendants to this Complaint for Damages are the following:

a.  CASTMAT TRANSPORT, LLC ("CASTMAT"), a limited liability company domiciled in, and a citizen of, the State of Texas, with its principal place of business located at 2527 Gibraltar Circle, Houston, Texas 77038, authorized to do and doing business in the jurisdiction of this Court. CASTMAT is a commercial motor vehicle carrier bearing DOT #3872579. Upon information and belief, CASTMAT is an interstate general

freight carrier;

b.     MARTHA A. MATUTE MARTINEZ, ("MARTINEZ"), an individual of full age of majority, and citizen and domiciliary of the State of Texas residing at the municipal address of 16526 Rock East Drive, Houston, Texas 77073;

c.     JUAN ENRIQUE MESA DIAZ, ("DIAZ"), an individual of full age of majority, and citizen and domiciliary of the State of Texas residing at municipal address of 10440 Deerwood Road Apt. 733 Houston, Texas 77042; and

d.     FELIX JAVIER CASTRO FIGUEROA, ("FIGUEROA") an individual of full age of majority, and a citizen of, and domiciliary of the State of Texas with the municipal address of 911 Doubletree Glen Drive Houston, Texas 77073 or 16526 Rock East Drive Houston, Texas 77073.

2.

There is diversity jurisdiction in this matter, as Plaintiff is a citizen of the state of Connecticut and Defendants are citizens of the State of Texas, and the amount in controversy, exclusive of attorney fees, interest, and costs, is in excess of $75,0000. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332 and § 1367.

3.

The Western District of Louisiana is a proper venue as the wrongful actions of Defendants complained of herein occurred in Calcasieu Parish, State of Louisiana.

4.

Defendants are justly and truly indebted unto the Plaintiff, jointly, severally, and *in solido,* for the claims, losses and damages set forth herein, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, for attorney fees, and for all other

general and equitable relief allowable by law, for the following reasons:

5.

The allegations set forth herein rise from a motor vehicle accident which occurred on July 13, 2023, in Calcasieu Parish, State of Louisiana.

6.

At all times relevant, DIAZ was operating a 2020 Ford F-Series pick-up truck (VIN # 1FD8W3HTLEE52919) ("TRUCK"). The TRUCK was pulling a PJ Trailer Flatbed (VIN# 4P5LX4023M1358958) ("TRAILER"). Upon information and belief, DIAZ was employed by CASTMAT, and engaged in the business of transporting heavy equipment via interstate travel on July 13, 2022. Therefore, CASTMAT is *vicariously liable* for the actions of DIAZ and FIGUEROA. On or about July 13, 2022, MS. RAND was traveling in the center lane in an easterly direction on Interstate 10 near mile marker 41. The TRUCK and TRAILER, driven by DIAZ was in front of MS. RAND in the far-right lane, traveling in an easterly direction at a high rate of speed. Suddenly, and without warning to MS. RAND, the rim and tire from the right side of the TRAILER came off the axle whereupon it became airborne. The rim and tire proceeded to smash through the front windshield of MS. RAND's Ford Escape, crash into her face and head, and ultimately come to rest inside MS. RAND's vehicle.

7.

At all times relevant, the TRAILER was owned by defendant FIGUEROA.

8.

At all times relevant, Defendants CASTMAT and MARTINEZ, were the owners of the TRUCK.

9.

As a result of the accident caused by defendants' combined negligence, MS. RAND suffered severe injuries, the general and special damages for which exceed $75,000 in value.

10.

The injuries suffered by the MS. RAND and damages to plaintiff, TRAVELERS, were caused by the fault and or neglect of defendants DIAZ, MARTINEZ, CASTMAT, and FIGUEROA herein as follows:

   a. Failure to properly inspect, maintain and/or repair the TRUCK and/or TRAILER;

   b. Failure to maintain control of the TRUCK and/or TRAILER;

   c. Failure to maintain a proper lookout while operating the TRUCK and/or TRAILER;

   d. Operating the TRUCK and/or TRAILER in a careless and reckless manner;

   e. Operating the TRUCK and/or TRAILER in an unfit and unmaintained condition on a public roadway;

   f. Negligent entrustment of the TRUCK and/or TRAILER to the operator/driver;

   g. Violation of motor traffic laws of the State of Louisiana and federal motor carrier safety statues and regulations; and

   h. All other negligent acts and omissions supported by evidence at the time of trial.

11.

At the time of the accident, MS. RAND was an employee of Intralox, LLC, a subsidiary of Laitram Group, Inc., and while operating her vehicle at the time of the accident, MS. RAND was in the course and scope of her employment with Intralox, LLC.

12.

At the time of the accident, plaintiff, TRAVELERS, had issued to Laitram Group, Inc. an insurance policy containing uninsured/underinsured motorist coverage that was in full force and

effect to the benefit of, and providing uninsured/underinsured (UM/UIM) motorist insurance coverage to MS. RAND as an employee of Intralox, LLC, for bodily injury claims, which said policy of insurance had a policy limit of Two Million ($2,000,000.00) dollars.

13.

After the accident, MS. RAND made a bodily injury claim under the UM/UIM policy issued by TRAVELERS.

14.

In response to the UM/UIM claim made by MS. RAND, TRAVELERS paid MS. RAND benefits under the UM/UIM insurance policy in the amount of the full policy limits of Two Million ($2,000,000.00) dollars.

15.

As a result of TRAVELERS' payment of Two Million ($2,000,000.00) dollars in UM/UIM benefits to MS. RAND, TRAVELERS became legally and conventionally subrogated to the rights of MS. RAND to recover such monies from the Defendants as the parties responsible for these damages.

16.

TRAVELERS is entitled to reimbursement of the $2,000,000 in UM/UIM benefits paid to MS. RAND from Defendants pursuant to LSA-R.S. 22:1295(4).

17.

Plaintiff requests a jury trial on all issues triable by jury herein.

**WHEREFORE**, Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, prays that, after due proceedings be had, there be judgment in its favor and against Defendants, CASTMAT TRANSPORT, LLC, MARTHA A. MATUTE MARTINEZ, JUAN

ENRIQUE MESA DIAZ and FELIX JAVIER CASTRO FIGUEROA, jointly or as their respective liabilities may otherwise be shown to exist, for Plaintiff's damages, costs of court and prosecution of this action, and for pre-judgment and post-judgment interest on the judgment at the rate allowed by law, for trial by jury, and for such other and further relief, both at law and in equity, to which Plaintiff may show itself justly entitled.

        Respectfully submitted,

          /s/ Sean M. Casey
        **SEAN M. CASEY, #23447**
        Maricle & Associates
        #1 Sanctuary Blvd., Suite 202
        Mandeville, LA 70471
        Telephone: (985) 727-5013
        Facsimile: (888) 341-6954
        scasey@travelers.com
        *Attorney for Plaintiff,*
        *Travelers Property Casualty Company*
        *of America*